JAMES BRIAN HAYDEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hayden v. Commissioner
Docket No. 14052-80.
United States Tax Court
T.C. Memo 1983-595; 1983 Tax Ct. Memo LEXIS 191; 46 T.C.M. (CCH) 1515; T.C.M. (RIA) 83595; September 26, 1983. *191 On his 1978 tax return, petitioner claimed a deduction for employee business expenses totaling $6,012. Petitioner also claimed a casualty loss deduction of $1,650 and a deduction for medical and dental expenses. Held, petitioner failed to prove that the claimed employee business expenses met the requirements of secs. 162 and 274, I.R.C. 1954. Held further, petitioner is entitled to a casualty loss deduction of $500. Held further, petitioner is not entitled to any deduction for medical and dental expenses in excess of the amount allowed by respondent. James Brian Hayden, pro se. Barbara A. Matthews, for the respondent. STERRETT
MEMORANDUM *193 FINDINGS OF FACT AND OPINION STERRETT, Judge: By notice of deficiency dated April 21, 1980, respondent determined a deficiency of $1,910 in petitioner's Federal income tax for the taxable year 1978. The issues for decision are (1) whether petitioner is entitled to a deduction for employee business expenses totaling $6,012, and if so, whether he is entitled to deduct such expenses directly from gross income to arrive at adjusted gross income, or whether such expenses should be treated as itemized deductions; (2) whether petitioner is entitled to a casualty loss deduction of $1,650; and (3) whether petitioner is entitled to a deduction for medical and dental expenses in excess of the amount allowed by respondent. Some of the facts are stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioner, James Brian Hayden, resided in the Bronx, New York, at the time of filing the petition herein. He timely filed a Federal income tax return for the calendar year 1978 with the Internal Revenue Service at an undisclosed location. I. Deduction for employee business expenses.
During the period beginning *194 January 1, 1978, until approximately September 29, 1978, petitioner was employed as an account executive with the brokerage firm of Herzfeld & Stern. On the latter date, he left his position at Herzfeld & Stern for a similar position at Tucker, Anthony & R.L. Day, Inc., where he was employed from approximately September 29, 1978 until December 31, 1978. As a stockbroker, petitioner spent a major portion of his time seeking out new clients. To this end, petitioner used his hobbies of playing bridge and tennis to meet and secure customers. Petitioner also befriended older brokers who were nearing retirement in order to establish new contacts. In connection with these activities, petitioner allegedly incurred substantial expenses for which he was not reimbursed by either of his employers during the year in question. Additionally, petitioner purportedly incurred expenses in sending out several hundred Christmas cards to business acquaintances during 1978 which were similarly not reimbursed. On his 1978 return petitioner attached a Form 2106 (Employee Business Expenses) on which he claimed the following expenses: Fares for airplane, boat, bus,
taxicab, train, etc.
$ 478
Meals and lodging
284
Car expenses
3,149
Business gifts
245
Memberships
315
Entertainment
1,257
Subscriptions
284
Total
$6,012
*195 In his notice of deficiency, respondent disallowed these deductions in their entirety. Section 162(a) allows a deduction for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Petitioner has the burden of proving that respondent's determinations are erroneous. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Furthermore, with the exception of petitioner's claimed deduction for subscriptions in the amount of $284, all of petitioner's claimed deductions fall within the prescription of section 274, I.R.C. 1954. [1]
*196 Section 274(d) imposes strict substantiation requirements in the case of certain types of expenditures, otherwise deductible under section 162, that must be satisfied before a deduction is allowed. Specifically, section 274(d) provides that no deduction shall be allowed under section 162 for any traveling expenses, entertainment expenses, or for any expense for gifts unless the taxpayer-- substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility, or receiving the gift. * * * Section 1.274-5(c), Income Tax Regs., sets forth specific rules for the substantiation requirement of section 274(d). Section 1.274-5(c)(2)(i) *197 provides that "[t]o meet the 'adequate records' requirements of section 274(d), a taxpayer shall maintain an account book, diary, statement of expense or similar record * * * and documentary evidence * * * which, in combination, are sufficient to establish each element of [the] expenditure." These regulations have been held valid. Sanford v. Commissioner,50 T.C. 823, 832 (1968), affd. 412 F.2d 201 (2d Cir.), cert. denied 396 U.S. 841 (1969). In the instant case petitioner claimed expenses for travel, entertainment, memberships, and business gifts. With respect to travel expenses, section 1.274-5(b)(2), Income Tax Regs., provides that the taxpayer must prove the dates of departure and return, the destinations, and the business purpose of the travel. He must also prove the amount of each expenditure although the amounts of incidental expenditures may be agregated. The evidence introduced by petitioner with respect to the deductions he claimed for travel expenses failed to meet these strict substantiation requirements. *198 Similarly, with respect to entertainment expenses, section 1.274-5(b)(3), Income Tax Regs., requires that the taxpayer prove the amount, time, place, and business purposes of the expenditures, and the business relationship of the guest to the taxpayer. As was the case with his claimed travel expenditures, petitioner failed to introduce evidence with respect to his claimed entertainment expenses which complied with these strict substantiation requirements. With respect to expenditures for business gifts, section 1.274-5(b)(5), Income Tax Regs., requires that the taxpayer describe the gift, prove the cost of the gift, the date of the gift, the business purpose for the gift or nature of the business benefit derived or expected to be derived from the gift, and the business relationship of the recipient of the gift. Again, the evidence introduced by petitioner failed to satisfy these substantiation requirements. Finally, with respect to the *199 $315 deduction claimed by petitioner for memberships, he has failed to introduce any information with respect to the nature of this deduction. Accordingly, we are not sure whether this amount is connected with club membership dues or fees, or whether it relates to fees for memberships in professional organizations. At any rate, section 1.274-2, Income Tax Regs., enumerates specific requirements that must be met before a taxpayer is entitled to a deduction for club memberships which petitioner has obviously failed to satisfy in the present case. In point of fact, the only evidence introduced by petitioner was his own testimony and a noncontemporaneously prepared summary sheet which fails to state the amounts of the alleged business expense or item; the time and place of the alleged business travel or entertainment, or the date and description of the gift; the business purpose of the expense; or the business relationship of the persons entertained or receiving the gift. Furthermore, petitioner failed to present any witnesses to corroborate his claimed expenses. *200 Petitioner did testify that he kept a diary which amounted to "nothing more than a calendar of names and dates and things on it." However, at trial petitioner stated that "Unfortunately, that diary has been misplaced. It is lost or gone for sure." Section 1.274-5(c)(5), Income Tax Regs., does provide that-- [w]here the taxpayer establishes that the failure to produce adequate records is due to the loss of such records through circumstances beyond the taxpayer's control, such as destruction by fire, flood, earthquake, or other casualty, the taxpayer shall have a right to substantiate a deduction by reasonable reconstruction of his expenditures. However, in our opinion petitioner has failed to show that his loss of the diary, for whatever information it may have contained, was a loss beyond his control as contemplated by the regulations. Thus, since section 274(d) eliminates the rule of Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930), failure to substantiate those expenses within its purview results in no allowable deduction with respect *201 to such expenses. Accordingly, we uphold respondent's determination with respect to the claimed deductions for travel, entertainment, memberships, and business gifts. Petitioner also claimed a deduction for subscriptions in the amount of $284. Although this expense does not come within the ambit of section 274(d) and is thus not subject to the strict substantiation requirements thereunder, petitioner must still bear the burden of proving the correctness of such deduction. Welch v. Helvering,supra.Petitioner has failed to introduce any evidence whatsoever establishing that this expense was even incurred, much less that it constituted an ordinary and necessary business expense under section 162. Accordingly, we find that petitioner has failed to carry his burden of proof with respect to this deduction and therefore we uphold respondent's determination disallowing such deduction. II. Casualty loss.
On his tax return for 1978, petitioner claimed a casualty loss deduction in the amount of $1,750 less the $100 floor prescribed by section 165(c), [2] for two *202 alleged casualty losses and a theft loss. With respect to the theft loss, petitioner owned a BMW automobile during 1978 which someone broke into while the car was parked in the garage in his building stealing his Clarion cassette car stereo with AM/FM stereo tuner; his Cobra 29-Class D station CB radio; the car's center console; and his cassette tape collection consisting of 30 tapes. Although this loss was not reimbursed, petitioner did introduce into evidence a copy of a letter which he wrote to the insurance company for the garage with respect to such theft loss along with a copy of the police report in which he valued his total loss at $750. The values petitioner placed in these documents on the stolen articles were clearly approximations. Petitioner testified at trial that he underestimated the cost of the console which he set at $100 in the report filed with the insurance agency. Petitioner stated that "the BMW place wanted something like *203 $400 to replace it, so I didn't replace it * * *." It is not clear from the record whether any of the other items stolen were actually replaced. With respect to the two casualty losses, petitioner could only recall one at trial. Petitioner was driving on the Saw Mill Parkway at night sometime in January when he hit a Christmas tree in the middle of the road. The collision knocked out petitioner's front lights and caused some body damage. Petitioner took the car into the repair shop the next day and had the repairs made. However, petitioner paid for such repairs with cash and the cost of such repairs is unclear from the record. As stated earlier, petitioner did not recall the other casualty loss at the time of trial. In his notice of deficiency, respondent disallowed the claimed deduction in its entirety. Section 165(a) and (c), read together, allow a deduction for losses suffered by individuals as a result of damage to or destruction of nonbusiness property by reason of fire, storm, or other casualty or from theft to the extent that the loss from each casualty exceeds $100 *204 and is not compensated for by insurance or otherwise. The proper measure of such casualty loss is the difference between the fair market value of the property immediately before the casualty and its fair market value immediately thereafter, but not exceeding its adjusted basis. See Helvering v. Owens,305 U.S. 468, 471 (1939); Millsap v. Commissioner,46 T.C. 751, 759 (1966), affd. 387 F.2d 420 (8th Cir. 1968); sec. 1.165-7(b)(1)(i) and (ii), Income Tax Regs. Additionally, section 1.165-7(a)(2)(ii), Income Tax Regs., provides that the cost of repairs to the damaged property is acceptable as evidence of the loss of value if (1) the repairs are necessary to restore the property to its condition immediately before the casualty; (2) the amount spent for such repairs is not excessive; (3) the repairs do not care for more than the damage suffered; and (4) the value of the property after the repairs does not as a result of the repairs exceed its value immediately before the casualty. *205 Petitioner bears the burden of proving that he is entitled to the casualty and theft loss deductions in question. Welch v. Helvering,supra;Rule 142(a), Tax Court Rules of Practice and Procedure. In the instant case, petitioner has failed utterly to substantiate the amount of the claimed casualty losses in that he did not introduce any evidence with respect to the fair market values of the properties subject to the casualty losses before and after the casualties in question. Furthermore, petitioner is not saved by the cost of repairs method authorized by section 1.165-7(a)(2)(ii), Income Tax Regs. Although petitioner testified that he repaired his car after the collision with the Christmas tree, he introduced no evidence whatsoever regarding the amount of such repairs. With respect to the other claimed casualty loss, we do not even know what the alleged casualty was, much less the amount of loss suffered thereby. Accordingly, we must uphold respondent's disallowance of the two claimed casualty loss deductions. With respect to the claimed theft loss of $750, petitioner did introduce *206 an approximation of such loss contained in a copy of the police report and a copy of a letter written to the garage's insurance company. Although we do not find such documentation to be proof of the stolen items' fair market value or petitioner's adjusted bases in such items, we do believe that petitioner did indeed suffer a theft loss during the taxable year in question. Thus, applying the rule of Cohan v. Commissioner,supra, we find that the fair market value of the property stolen from petitioner was $600. Accordingly, petitioner is entitled to a deduction for the loss by theft of articles from his car in the amount of $500 after applying the $100 statutory floor. III. Deduction for medical expenses.
On his 1978 return petitioner claimed a deduction for medical and dental expenses of $683, claiming that he incurred the following expenses: 1.One-half (but not more than
$150) of insurance premiums
$150.00
2. Medicine and drugs
$184.00 3. Less 1% statutory exclusion
(92.00)
92.00 4. Balance of insurance
premiums paid
238.00 5. Medical and dental expenses
a. Doctors, dentists,
nurses, etc.
456.00 b. Hospitals
c. Other
24.00 6. Total
$810.00 7. Less 3% statutory exclusion
(277.00)
533.00
8. Total expenses claimed
$683.00
*207 In his notice of deficiency, respondent disallowed this deduction in its entirety. Section 213(a) permits a deduction for certain medical expenses not compensated for by insurance or otherwise to the extent such amounts expended exceed 3 percent of adjusted gross income for the taxable year. In computing a taxpayer's allowable medical expenses, amounts expended for medicine and drugs are only included to the extent such amounts exceed 1 percent of adjusted gross income for the taxable year. Sec. 213(b). In order to obtain a deduction under section 213, the taxpayer must furnish the same and address of each person to whom payment for medical expenses was made and the amount and date of each such payment. Additionally, the taxpayer must be prepared to substantiate his claims for deductions by supplying an itemized invoice showing the nature of the services rendered and to, or for whom, such services were rendered; and, with respect to any other item of expense, the nature of the expense, *208 for whom incurred, and the specific purpose of the expense. Sec. 1.213-1(h), Income Tax Regs.
In the instant case, the only evidence introduced by petitioner substantiating his claimed medical expenses consists of copies of two cancelled checks to dentists totaling $220. Respondent has accepted these checks and conceded that that part of the deduction has been substantiated. In light of petitioner's failure to introduce any evidence substantiating the remainder of the claimed deduction, we hold that petitioner is not entitled to a deduction for medical and dental expenses in excess of the amount allowed by respondent. Accordingly, Decision will be entered under Rule 155.
Footnotes
1. We recognize that the substantiation requirements of sec. 274 are not required to be satisfied for mileage for local transportation, Miller v. Commissioner,T.C. Memo. 1982-491. However, since petitioner has provided this Court with no reasonable basis for dividing his claimed automobile expenses between local transportation and mileage for travel away from home, we shall not apply the rule established in Cohan v. Commissioner,39 F.2d 540↩ (2d Cir. 1930), which authorizes this Court to approximate the amount incurred for local transportation when we are convinced some amount was actually spent.
2. Petitioner incorrectly applied the $100 floor under sec. 165(c)↩ to the total of the three casualty losses claimed instead of applying it against each individual casualty, as is required by the statute and regulations thereunder.